IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARVIN BOWDEN                   :
                                :
   v.                           :   Civil Action No. DKC 15-0811
                                    Criminal No. DKC 14-0031
                                :
UNITED STATES OF AMERICA        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion to vacate sentence filed by Petitioner Marvin Bowden ("Petitioner") pursuant to 28 U.S.C. § 2255. (ECF No. 41). For the following reasons, the motion will be denied.

**I.  Background**

On February 5, 2014, Petitioner pled guilty pursuant to a plea agreement in which he waived indictment and pled guilty to the charges of conspiracy to possess with the intent to distribute five kilograms or more of cocaine ("Count 1") and of conspiracy to use and carry a firearm in the furtherance of a drug trafficking crime and during and in relation to a crime of violence ("Count 2"). On July 21, Petitioner was sentenced to 120 months imprisonment, concurrent on Counts 1 and 2. On March 19, 2015, Petitioner filed the pending motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 41). The

government was directed to respond to the motion and did so on July 27. (ECF No. 48).

**II. Standard of Review**

To be eligible for relief under § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978). But if the § 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. § 2255(b).

**III. Analysis**

**A. Ineffective Assistance of Counsel**

Petitioner alleges that his decision to plead guilty was the result of ineffective assistance of counsel. (ECF No. 41, at 2). To establish ineffective assistance of counsel, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *Strickland v. Washington*, 466 U.S.

668, 687 (1984). There is a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *Strickland*, 466 U.S. at 688-89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). A determination need not be made concerning the attorney's performance if it is clear that no prejudice could have resulted from some performance deficiency. *Strickland*, 466 U.S. at 697.

In the context of a § 2255 petition challenging a conviction following a guilty plea, a defendant establishes prejudice by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord United States v. Mooney*, 497 F.3d 397, 401 (4th Cir. 2007). Moreover, Petitioner "must convince the court" that such a decision "would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). Petitioner's subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts. *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).

A petitioner who pleads guilty has an especially high burden in establishing an ineffective assistance claim. As the Supreme Court of the United States explained, "[t]he plea

3

process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases . . . where witnesses and evidence were not presented in the first place." *Premo v. Moore*, 562 U.S. 115, 132 (2011). Thus, a petitioner alleging ineffective assistance in the context of a guilty plea must meet a "substantial burden . . . to avoid the plea[.]" *Id.*

Petitioner argues that his counsel's performance was objectively unreasonable because counsel failed to conduct adequate factual and legal investigations to discover the defenses of prosecutorial misconduct, entrapment, racial profiling, and selective prosecution and failed to inform Petitioner of those defenses, which were "successful in obtaining relief" for his co-defendants. (ECF No. 41, at 2). Petitioner argues that he "was prejudiced as a result of his counsel's errors because had he been advised . . . he too would have insisted on going to trial and thereby would have obtained the same exact relief as his co-defendants." (*Id.*). First, the defenses of prosecutorial misconduct, entrapment, racial profiling, and selective prosecution were not successful in obtaining relief for his co-defendants. Petitioner's co-defendants were found guilty of all charges and sentenced to longer terms of imprisonment than Petitioner. *United States v. Hare*, 820 F.3d 93, 97 (4th Cir. 2016). Moreover, Petitioner was

4

not prejudiced by pleading guilty because it was not objectively reasonable in light of the circumstances to proceed to trial. If Petitioner had insisted on proceeding to trial, he would have been charged with four charges rather than just the two to which he pleaded guilty. The evidence against Petitioner was overwhelming on all four charges and Petitioner was the lead member of the conspiracy, recruiting his co-defendants to commit the robbery of the purported drug stash house. *Hare*, 820 F.3d at 95-96. Had the jury been presented with this and other evidence of Petitioner's guilt, it almost certainly would have found Petitioner guilty on all charges along with the rest of his co-defendants. Thus, Petitioner would have faced a sentence for a much longer term of imprisonment than what he received. "Pleading guilty generally involves a conscious decision to accept both the benefits and burdens of a bargain. That decision may not be lightly undone by buyer's remorse on the part of one who has reaped advantage from the purchase." *Fugit*, 703 F.3d at 260. Petitioner cannot show that proceeding to trial would have been rational under the circumstances and thus his ineffective assistance claim fails for lack of prejudice.[1]

---

[1] A determination need not be made concerning the attorney's performance when it is clear that no prejudice could have resulted from some performance deficiency. *Strickland*, 466 U.S. at 697.

5

### B. Sentencing Disparity

Petitioner next argues that the sentence he received for Count 1 was disproportionate to that which his co-defendants received. (ECF No. 41, at 2-3). Petitioner argues that counsel was ineffective for not raising the issue of sentencing disparity in the district court or on direct appeal. (*Id.*, at 3).

Petitioner's argument is without merit because Petitioner was convicted of conspiracy to possess with intent to distribute *five kilograms or more* of cocaine, while his co-defendants were each convicted of conspiracy to possess with intent to distribute more than 500 grams but *less than* five kilograms of cocaine, Verdict Form, *United States v. Hare*, No. DKC-13-0650, (ECF No. 199, at 2-3). As a result, Petitioner faced a statutory mandatory minimum sentence of 120 months imprisonment, 28 U.S.C. § 841(b)(1)(A)(ii), while his co-defendants faced a statutory minimum sentence of 60 months imprisonment on that count, 28 U.S.C. § 841(b)(1)(B)(ii). Furthermore, Petitioner was sentenced months before the sentencing of his co-defendants.

"The sentencing factor addressing sentencing disparities, 18 U.S.C. § 3553(a)(6), is aimed primarily at eliminating national sentencing inequity, not differences between the sentences of co-defendants." *United States v. Robinson*, 537 F.App'x 249, 251 (4th Cir. Aug. 8, 2013) (citing *United States v.*

*Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996); *United States v. Simmons*, 501 F.3d 620, 623-24 (6th Cir. 2007)). Therefore, Petitioner is not entitled to relief on the ground that the court created an unwarranted sentencing disparity between him and his co-defendants, and thus counsel's performance was not objectively unreasonable on this ground. *See Fugit*, 703 F.3d at 259-60.

### C. Validity of Plea Agreement

Lastly, Petitioner argues that "because the drug dealer and drugs in this case were 'non-existent', the court should not have allowed the parties to stipulate to their existence." (ECF No. 41, at 3). Petitioner cites to the commentary to Section 6B1.4 of the United States Sentencing Commission Guidelines ("Sentencing Guidelines"), which provides that "it is not appropriate for the parties to stipulate to misleading or non-existent facts, even when both parties are willing to assume the existence of such 'facts' for purposes of the litigation." Petitioner argues that the alleged stipulation to non-existent facts rendered the plea agreement invalid.

First, the parties did not stipulate to the existence of a drug dealer and drugs, but rather that an undercover agent purported to be a drug courier who regularly transported drugs to drug dealers. (ECF No. 23-1, at 1). Thus, the plea agreement does not contain "non-existent facts." Moreover,

Petitioner voluntarily and knowingly agreed to the stipulation of facts when he signed the plea agreement. (ECF No. 23, at 4-5, 8). At no time did petitioner object to, or express concern about, the validity of the fact stipulation, and he cannot do so now. *See Bass v. United States*, No. RDB-12-2984, 2013 WL 2635235, at *4 (D.Md. June 11, 2013) (citing *Fields v. Attorney Gen. of Md.*, 956 F.3d 1290, 1299 (4th Cir. 1992)). Petitioner's counsel did not render ineffective assistance when he did not object to the stipulation of facts in the plea agreement.

To the extent that Petitioner intended to argue that the fabrication of the existence of drugs rendered the crime factually impossible to commit, the United States Court of Appeals for the Fourth Circuit has held that factual impossibility is not a defense to the crime of conspiracy. *See United States v. Min*, 704 F.3d 314, 321-22 (4th Cir. 2013).

**IV. Conclusion**

For the foregoing reasons, the motion to vacate sentence filed by Petitioner Marvin Bowden will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652,

659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Upon its review of the record, the court finds that Petitioner does not satisfy the above standard. Accordingly, it declines to issue a certificate of appealability. A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge